UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOLMAN,

             Plaintiff,

v.

WESTIN HOTEL SOUTHFIELD,
et al.,

             Defendants.

_____/

CIVIL ACTION NO. 05-72566

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Defendant Merritt Hospitality's Motion to Dismiss Due to Plaintiff's

Continued Discovery Abuse be granted.

**II.**    **REPORT**:

    **A.**    **Procedural History**

This action was originally filed in the Circuit Court for the County of Oakland, under

Case No. 05-065012, on March 16, 2005.  Plaintiff's Complaint alleged employment

discrimination on the basis of race and national origin, in violation of Michigan's Elliott

Larson Civil Rights Act (ELCRA).  A second claim alleged Intentional Infliction of Emotional

Distress.  The case was removed to this Court by the Defendants, on June 28, 2005, based

on diversity of citizenship.

On August 12, 2005, Defendants filed the first of four motions alleging discovery

abuses by Plaintiff.  The motion was referred to the magistrate judge on August 29, 2005.

On August 31, 2005, Plaintiff responded to the motion.  Defendants filed a reply on

September 7, 2005, and the matter was brought on for hearing on October 18, 2005.  On November 10, 2005, I entered an Order granting the primary relief requested and imposing a monetary sanction upon Plaintiff's counsel in the form of Defendants' reasonable attorney fees.

On August 25, 2005, Defendants filed a Motion to Compel Discovery.  The motion was referred to the magistrate judge on November 22, 2005.  Plaintiff's counsel filed no response.  Defendants' motion was brought on for hearing on December 20, 2005, and granted in an Order of January 12, 2006.

On November 1, 2005, Defendants filed a Motion to Dismiss, or in the Alternative to Compel Plaintiff's Deposition.  That motion was referred to the magistrate judge on November 15, 2005.  Plaintiff's counsel filed a response to the motion on November 16, 2005, and a hearing was held on December 20, 2005.  In my Order of January 12, 2006, I granted Defendants' Motion to Compel, while denying the prayer for dismissal of Plaintiff's Complaint.  The Order contained a specific and final warning to Plaintiff that any material failure on her part to timely respond to Defendants' future discovery requests would result in a recommendation that the case be dismissed with prejudice.

On November 14, 2005, Plaintiff filed a Motion to Compel the depositions of two defense witnesses.  Defendants filed a response on November 21, 2005, and the motion was referred to the magistrate judge on November 22, 2005.  The motion was heard on December 20, 2005, and granted in an Order of January 12, 2006.

Defendants' Second Motion to Dismiss was filed on March 10, 2006.  The motion was referred to the magistrate judge on March 17, 2006.  Plaintiff's response to the motion

2

and Defendants' reply were filed on March 31 and April 3, 2006, respectively.  Defendants'
motion was brought on for hearing on April 11, 2006, and taken under advisement.

### B.      Analysis

The instant motion seeks dismissal of Plaintiff's Complaint, with prejudice, based
upon repeated failures to comply with her discovery obligations.  A brief summary of the
matters raised in the four defense motions is warranted.

### 1.      Defendants' Motion for Protective Order

Defendants' Motion for Protective Order was filed August 12, 2005.  The motion was
based upon the fact that Plaintiff's attorney issued a subpoena in a separate and unrelated
case (Roney v. Westin Hotel, Case No. 05-71911 (Judge Feikens)) for the purpose of
examining a witness about the facts of this case, and before service of the Complaint upon
the Defendants in this case.  The proceedings related to the motion revealed that defense
counsel was present at the deposition because he represented the defendant in the
separate case.  Defense counsel, however, had no notice of the claims of this Plaintiff.  He
had not been retained to represent the Defendants in this action, and was provided no
notice of the true subject matter of the deposition.  Accordingly, defense counsel had no
opportunity to prepare, or to conduct an effective defense of the deposition on behalf of
these Defendants.  Immediately after the completion of the deposition, Plaintiff's attorney
presented defense counsel with a copy of the Complaint in this case.

In his response to the motion, Plaintiff's attorney falsely represented that the case
under which the Deposition Subpoena had issued was a related case of race discrimination
in employment, when in fact it was not.  In fact, the Roney Complaint alleged sexual

3

harassment during the entire term of Roney's employment, and not race discrimination. The deponent was not listed as a witness in the Roney case.

Because Plaintiff's counsel had deliberately denied Defendants an opportunity to prepare for cross-examination of the witness as to the claims in the instant case, I entered an Order striking the deposition and imposing upon Plaintiff's counsel the obligation to pay Defendants' reasonable attorney fees.

### 2.    Defendants' Motion to Compel Discovery

On August 25, 2005, Defendants filed a Motion to Compel Discovery, based upon Plaintiff's failure to provide complete answers to Defendants' First Set of Interrogatories and First Request for Production of Documents.  Plaintiff failed to file any response to the motion.  Plaintiff did file belated and wholly inadequate responses on December 9, 2005, four days before the motion was set for hearing.  At the December 13, 2005 hearing, I adjourned the matter for one week, and ordered Plaintiff to provide complete responses to the discovery requests no later than the continued hearing date of December 20, 2005. Plaintiff did provide revised interrogatory answers within the deadline, but failed to produce a single document in response to Defendants' requests.  On the contrary, certain documents whose production was promised in Plaintiff's December 9, 2005 Interrogatory Answers were now described as having been lost as a result of an eviction in November of 2004.  Furthermore, Plaintiff's counsel represented at the December 20, 2005 hearing that all of Plaintiff's responsive documents had been lost as a result of the eviction. Plaintiff's counsel provided no reasonable explanation for the inconsistent responses.  In an Order of January 12, 2006, I granted Defendants' Motion to Compel, and precluded

Plaintiff from introducing any documents at trial that were responsive to the document requests and not produced to Defendants by December 21, 2005.

### 3.      Defendants' Motion to Dismiss or in the Alternative to Compel Plaintiff's Deposition

On November 1, 2005, Defendants filed a Motion to Dismiss or in the Alternative to Compel Plaintiff's Deposition.  The motion was based upon Plaintiff's failure to appear for an October 27, 2005 deposition, despite written notice, by facsimile and mail, on October 19, 2005.  Plaintiff's counsel denied that he had ever received notice of the deposition.  The facsimile receipt presented by Defendants, however, reflected that Plaintiff's attorney received the facsimile notice on October 19, 2005, at 3:28 p.m., eight days prior to the scheduled event.  In their brief in support of the motion, Defendants referred to similar and equally dubious claims by Plaintiff's counsel in connection with discovery requests in the case pending before Judge Feikens. (In that case, plaintiff's attorney even denied receiving an Order of the Court).

In my Order of January 12, 2006, I granted Defendants' Motion to Compel and Ordered Plaintiff to appear for her deposition.  The Defendants' prayer for dismissal of the case was denied.  The Order did, however, provide as follows:

> **It is Further Ordered** that this is Plaintiff's final warning to fully comply with her discovery obligations.  In the event of any material failure by Plaintiff to timely respond to Defendants' future discovery requests . . ., the Court will recommend that this lawsuit be dismissed with prejudice.

Magistrate Judge's Order of January 12, 2006 - Docket entry 40.

**4.      Defendant Merritt Hospitality's Motion to Dismiss Due to Plaintiff's Continued Discovery Abuse**

The instant motion asserts that Plaintiff has failed to provide any response whatsoever to Defendants' Second Set of Document Requests.  The motion claims that Plaintiff's attorney was served with a single document request, by hand delivery, on January 25, 2006.  No response to the request was served within the time prescribed by the Federal Rules of Civil Procedure.  Accordingly, on March 7, 2006, defense counsel sent Plaintiff's attorney a letter, again by facsimile as well as U.S. Mail, informing him that Plaintiff's response was overdue.  The letter reminded Plaintiff's attorney that Defendants were only seeking a single executed authorization for a credit report, and advised him further that a Motion to Compel Discovery would be filed if the document was not produced by March 9, 2006.  No response to the letter was received prior to the filing of the motion on March 10, 2006.

On March 31, 2006, Plaintiff did file a written response to the motion.  In an unverified submission, Plaintiff's counsel asserted that he "does not recall receiving any discovery requests by Defendants' counsel."  He further asserted that Plaintiff had conveyed all authorizations for this Defendant to acquire any and all documents he so desired as far back as December of 2005.  Further, Plaintiff's counsel claimed that "it should be clear to this Court that the primary objective of this Defendant is to initiate a vile, prejudicial, character-destroying presentation against this Plaintiff about behaviors she openly admitted she conducted in excess of 17 years ago."  Finally, Plaintiff's counsel contended that the information requested is not relevant to the issues in this case.

6

At the hearing of this motion, on April 11, 2006, Plaintiff's attorney again represented that he had produced a general authorization which would allow Defendants to secure the credit report or other documents it desired to obtain.  When asked to produce a copy of the authorization, however, he was unable to do so.

Defendants' document request arises from Plaintiff's admission during her deposition that she had engaged in highly questionable, and arguably unlawful, financial activities in years past.  Defendants' Second Set of Document Requests, consisting only of a single authorization form, reasonably relates to that testimony.  Based upon the prior conduct of counsel for Plaintiff in this case, and in the case before Judge Feikens, I find his unsworn statement that he "does not recall" receiving the discovery request unworthy of belief.  I am satisfied that Defendants properly served the request (by mail and facsimile) as well as their letter reminding Plaintiff's attorney that they had done so.  Defendants were entitled to a response to their request on or before January 24, 2006.  Any objection to the request should have been made by that time.  The failure to comply with or object to the request within the prescribed time, and the complete failure to respond to Defendants' subsequent letter reminder are inexcusable.  Regrettably, however, they are consistent with the conduct of Plaintiff's attorney throughout this case and, apparently, the case before Judge Feikens.[1] Plaintiff's attorney offered no reasonable explanation for the failure to timely object or otherwise respond to Defendants' discovery efforts.  I conclude that the failure was wilful and in bad faith.

---

[1] In an Opinion and Order of April 18, 2006, Judge Feikens dismissed the Complaint in Case No. 05-71911, with prejudice, based upon plaintiff's failure to cooperate with the defendants' discovery efforts.

## C.     Conclusions

Federal Rule of Civil Procedure 37 grants district courts the authority to dismiss a case as a sanction against a party who frustrates the discovery process.  Dismissal may be based upon a party's failure to respond to interrogatories or requests for production of documents.  Fed.R.Civ.P. 37(d).  A case may also be dismissed if a party does not comply with a court order compelling discovery.

In our Circuit, a Court is required to consider four factors in determining whether a Rule 37 dismissal is appropriate: "(1) whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that the failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was order."  Harmon v. CSX Transp., 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-55 (6th Cir. 1988)).  Where an attorney's conduct is the basis for dismissal, as in the present case, the factors are applied more stringently.  Id. at 367.

In considering whether a party's failure to cooperate with discovery is wilful, the Sixth Circuit has held that dismissal of a case for attorney misconduct is appropriate only where there is a "clear record of delay or contumacious conduct."  Harmon, 110 F.3d at 367.  In this case, the record of non-cooperation is clear.  Defendants have been required to file four motions relating to discovery, all based upon the failure of Plaintiff (and/or her counsel) to conduct appropriate discovery.  Counsel for Plaintiff has engaged in deposition by ambush; failed to file timely responses to interrogatories and document requests; and

altered responses to document requests to claim the loss of documents more than a year prior to the request for their production, after having provided responses clearly indicative that documents existed and would be produced. Plaintiff failed to appear for a deposition. Plaintiff's counsel has alleged failure of notice despite substantial evidence to the contrary. He has failed even to respond to one of Plaintiff's Motion to Compel. In a final act of defiance to Defendants and the Court, Plaintiff has failed to file a timely response or objection to a request for the production of a single document. I am fully satisfied that Defendants (and the Court) have been subjected to a wilful effort to frustrate the discovery process.

I am also satisfied that Defendants have been prejudiced as a result of Plaintiff's blatant disregard of her obligations under the Federal Rules of Civil Procedure. Defendants have expended time, money and effort in pursuit of discovery to which they are legally entitled. The questionable conduct of Plaintiff's counsel has caused unnecessary delay in the progress of this case, and is indicative, in my view, of a conscious effort to mislead the Court. At the very least, Plaintiff has unnecessarily complicated and delayed the litigation process.

There is no doubt that Plaintiff has received ample notice that her non-compliance with her obligations under the Rules relating to discovery may result in dismissal of her case. My Order of December 12, 2005, following three failures by Plaintiff to comply with her obligations, was both specific and direct.

Finally, I conclude that dismissal of Plaintiff's Complaint, with prejudice, is appropriate in this case because her pattern of obstructive and dilatory conduct has not ended despite three previous Court Orders, the imposition of monetary sanctions and a

clear warning that its continuance would result in a recommendation for dismissal.  The conduct of Plaintiff's counsel is nothing less than defiant, and warrants the imposition of significant sanctions.

For all of the above reasons, I recommend that Plaintiff's Complaint be dismissed, with prejudice.

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE


DATED: May 23, 2006

_____

## CERTIFICATE OF SERVICE

        I hereby certify on May 23, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 23, 2006.  **None.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217